IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH M.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-196**    (Cir. Ct. Kanawha Cnty. Case No. FC-20-2023-D-688)

**KAREN C.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Joseph M.[1] appeals the Circuit Court of Kanawha County's April 15, 2024, final order denying his motion to intervene in a juvenile abuse and neglect case and dismissing his petition for grandparent visitation that was filed with the Kanawha County Circuit Clerk and assigned a unique domestic law case number.[2] Respondent Karen C. filed a response in support of the circuit court's decision.[3] Joseph M. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4(b)(1) (2024). Pursuant to West Virginia Code § 51-11-4(d)(3) and Rule 1(b)(3) of the West Virginia Rules of Appellate Procedure, this Court lacks jurisdiction to consider any assignments of error that pertain to the related abuse and neglect case. After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order as it pertains to the separate civil action for grandparent visitation is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case centers on placement and visitation concerning the parties' granddaughter, M.M. ("Child"). Joseph M. is Child's paternal grandfather ("Grandfather"). Child is presently placed with her maternal grandmother, Karen C. ("Grandmother"), pursuant to a ruling in the abuse and neglect case. From the outset, we note that this appeal contains separate assignments of error regarding the domestic relations case and abuse and neglect

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The case was separately docketed as domestic relations case number 23-D-688.

[3] Both parties are self-represented.

case. However, this Court lacks jurisdiction over all abuse and neglect matters. *See* W. Va. Code § 51-11-4(d)(3) and W. Va. R. App. P. 1(b)(3). Thus, the sole issue on appeal is whether the circuit court abused its discretion by dismissing Grandfather's domestic relations case. Our references to the abuse and neglect case are for background purposes only.

By way of background, sometime before August of 2023, an abuse and neglect case was filed in Kanawha County Circuit Court. After the abuse and neglect case was filed, Grandfather filed a petition in the family court seeking custody of Child, which was styled as Case Number 23-D-635. By order entered on August 8, 2023, the family court dismissed 23-D-635 for lack of jurisdiction due to the existing abuse and neglect case. On August 15, 2023, Grandfather filed a second petition for grandparent visitation with the circuit clerk, who designated the matter to a new domestic relations case number 23-D-688.

On or about August 30, 2023, Grandfather filed a petition for a Domestic Violence Protective Order ("DVPO") on behalf of Child and was granted temporary custody. However, the circuit court judge assigned to the abuse and neglect case became aware of the DVPO and dismissed it.

A hearing was held in circuit court on September 5, 2023. At that hearing, the circuit court ordered Child Protective Services ("CPS") to investigate both parties' homes as part of its consideration of Grandfather's request for custody. Additional hearings were held in circuit court on September 26, 2023, and October 30, 2023.

A subsequent hearing was held on November 3, 2023. At that hearing, the court addressed Grandfather's motion for grandparent visitation and/or custody of Child. Grandfather argued that Child preferred to live with him. The circuit court stated that it planned to conduct an in-camera interview of Child to determine her preferences and noted that CPS found the maternal grandmother's house to be appropriate and that Child was doing well there. By order entered on November 9, 2023, the court consolidated the abuse and neglect case and Case Number 23-D-688.

The next hearing was held on March 4, 2024. An order from that hearing was entered on April 10, 2024, stating that 23-D-688 was "resolved" and severing from the ongoing abuse and neglect case. A second order from the March 4, 2024, hearing was entered on April 15, 2024, holding that Grandfather would continue to have one hour of supervised visitations with Child per week. It is from the April 15, 2024, order that Grandfather now appeals.

For these matters, we apply the following standard of review:

When a final order of a [circuit] court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review

2

the findings of fact made by the [circuit] court for clear error, and the [circuit] court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of [circuit] court orders).

On appeal, Grandfather raises three assignments of error. However, for the jurisdictional reasons stated above, this Court will only address the issue of whether the circuit court erred by dismissing Grandfather's petition for grandparent visitation docketed separately from the abuse and neglect proceeding. We agree with the circuit court's decision to dismiss the separate civil action of Case No. 23-D-688 but do so on other grounds. *See Corwin v. Joseph*, 23-ICA-472, 2024 WL 5001749 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) ("We are not confined to the reasoning of the circuit court and may 'affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.'") (citations omitted). We find that the circuit court should have decided the petition for grandparent visitation on the merits within the abuse and neglect matter; therefore, it was proper to dismiss the separate domestic relations civil action.

West Virginia Code § 48-10-402(d) (2009) states "[m]otions or petitions for grandparent visitation shall be filed and heard in the family court except when an abuse and neglect proceeding involving the child or children is pending before the circuit court, in which case the motion or petition shall be filed and heard in the circuit court." Alone, this language does not explicitly require that a request for grandparent visitation be decided within the related abuse and neglect case. However, Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[e]ach child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved" and that "[t]he court retains exclusive jurisdiction over placement of the child while the case is pending."

Moreover, while the Supreme Court of Appeals of West Virginia has not directly addressed whether West Virginia Code § 48-10-402(d) requires the presiding circuit court to hear a request for grandparent visitation within the related abuse and neglect proceeding, it has indicated that this is the appropriate procedure. In *In re D.D.*, No. 22-944, 2024 WL 1740509 (W. Va. Apr. 23, 2024) (memorandum decision), the Court addressed an appeal of an order, entered in an abuse and neglect proceeding, denying a grandparent's motion to intervene and petition for grandparent visitation. The Court noted that West Virginia Code

3

§ 48-10-401(c)—which is identical to West Virginia Code § 48-10-402(d)[4]—provides "that motions or petitions for grandparent visitation *in abuse and neglect proceedings* shall be heard in the circuit court." *In re D.D.*, 2024 WL 1740509, at *2 (emphasis added). In addition to indicating that the relevant statutory language contemplates that a request for grandparent visitation should be filed and heard in the abuse and neglect proceeding, the Supreme Court also found that the circuit court had not sufficiently addressed the request for grandparent visitation and remanded the matter to the circuit court to enter an order addressing that request in the abuse and neglect proceeding. *Id.* at *3.

Accordingly, we find that, where a motion or petition for grandparent visitation must be filed in the circuit court due to the pendency of an abuse and neglect proceeding, the motion or petition should be docketed in the abuse and neglect proceeding and decided within that matter. If a motion or petition for grandparent visitation is docketed as a separate domestic relations matter, it should be consolidated with the abuse and neglect case and decided within that proceeding. Where a circuit court presiding over an abuse and neglect proceeding decides a motion or petition for grandparent visitation on the merits, this court lacks jurisdiction over an appeal of that order.[5]

Here, Grandfather's petition for grandparent visitation should have been filed and combined within the open abuse and neglect case and assigned the same case number. Instead, Grandfather's petition for grandparent visitation was assigned a separate domestic

---

[4] West Virginia Code § 48-10-401 governs the filing of motions or petitions for grandparent visitation when an action for divorce, custody, legal separation, annulment or establishment of paternity is pending. West Virginia Code § 48-10-402 governs these motions or petitions when no such action is pending. However, § 48-10-401(c) and § 48-10-402(d), which address the filing of such motions or petitions when an abuse and neglect proceeding is pending, are identical. Therefore, for purposes of this case, the Supreme Court's discussion of § 48-10-401(c) in *In re D.D.* is equally applicable to § 48-10-402(d).

[5] We recognize that this Court's limited jurisdiction resulted in this novel scenario. However, given the gravity of abuse and neglect matters and the circuit court's exclusive jurisdiction over visitation in abuse and neglect matters, we believe that final orders resolving petitions for grandparent visitation in an abuse and neglect matter should be appealable directly to the Supreme Court of Appeals of West Virginia. Although we find that such a request should be filed within the abuse and neglect matter or consolidated with the abuse and neglect matter, even if the circuit court decides the matter as a separate case, because it is inextricably intertwined with the pending abuse and neglect matter, this court would lack jurisdiction over an appeal of such an order.

relations case number (23-D-688) by the circuit clerk.[6] Although the circuit court consolidated the petition for grandparent visitation with the abuse and neglect proceeding, it severed them before dismissing the separate domestic relations case (23-D-688).

Thus, we affirm the Circuit Court of Kanawha County's order dismissing Case No. 23-D-688 as a separate action. However, it would be appropriate for the circuit court to enter an order with findings of fact and conclusions of law granting or refusing Grandfather's petition for grandparent visitation within the pending abuse and neglect case. *See* W. Va. Code § 48-10-801.

Affirmed.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating

---

[6] The record reflects that 23-D-688 was filed in the circuit court and was assigned to the same judge presiding over the pending abuse and neglect case.